Case 4:23-cv-02931   Document 20   Filed on 06/03/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MERITAGE HOMES OF TEXAS LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | CIVIL ACTION NO. 4:23-CV-02931 |
| GYSBERT DE VILLIERS, *et al.*, | § § § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Before the Court is the plaintiff's, Meritage Homes of Texas, LLC ("Meritage"), motion for summary judgment (DE 16). The defendants, Gysbert and Qi de Villiers, have responded to the motion (DE 17), and Meritage has replied (DE 18). After reviewing the filings, the record, and the applicable law, the Court determines that the motion for summary judgment should be **GRANTED**.

**II. FACTUAL BACKGROUND**

This is an arbitrability case. In 2015, Meritage, a home construction company, sold a house to Gysbert and Qi de Villiers. Before long, the de Villiers began to notice cracks in the floor, walls, ceiling, and foundation of the house.

Their agreement with Meritage included warranties of good workmanship, materials, and habitability, so they filed a warranty claim to address these defects. Meritage dispatched two inspectors, but ultimately determined that the cracks did not warrant repair.

In response, the de Villiers sued Meritage in the 400th Judicial District Court of Fort Bend County, Texas. Meritage in turn submitted an arbitration demand with Judicial Arbitration and Mediation Services ("JAMS") based on an arbitration provision in the home purchase agreement. The parties soon met and agreed to use a private arbitrator whom the de Villiers suggested. Although he was unaffiliated with JAMS, the parties confirmed that his selection would not alter their rights or their commitment to arbitration. The parties also reaffirmed their agreement to abide by JAMS procedures as modified by the arbitration agreement. That agreement states that:

> 1. The parties would arbitrate any post-closing "dispute[s], claim[s], or controvers[ies] . . . of any type or nature" involving the parties "including, but not limited to: (a) those arising from or involving the condition of the [property] and/or [Meritage's] construction of [it]; or (b) those arising from or related in any way to [the] Agreement."

2. The arbitration would be "administered by Judicial Arbitration and Mediation Services ('JAMS') pursuant to its Arbitration Rules and Comprehensive Procedures."

3. The parties "must ensure that a stenographic record or other record is made of the [final arbitration hearing] and shall share in the cost of that record."

4. The parties would "share equally in advancing JAMS and Arbitrator fees and costs required" and that each party would "bear its own attorneys' fees and costs" with the prevailing party being awarded reasonable attorneys' fees as state law allows. This provision applies to both JAMS appeals and initial arbitration.

5. Discovery would be limited and that the parties would each have only two days to present their cases-in-chief at a final arbitration hearing. The Arbitrator may grant more time as equity requires.

6. There is a right to appeal arbitration awards in excess of $100,000, following the JAMS Optional Arbitration Appeal Procedure.

Despite these agreements, the de Villiers refused to comply with arbitration. They also filed a motion in the state court lawsuit arguing that the arbitration terms are unconscionable. Meritage brought this suit seeking a

declaratory judgment that the arbitration terms are valid and enforceable. The state court stayed its proceedings pending this Court's final judgment.

## III. JURISDICTION

"The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected to the extent of the injury to be prevented." *Webb v. Investacorp, Inc.,* 89 F.3d 252, 256 (5th Cir.1996) (quoting *Leininger v. Leininger,* 705 F.2d 727 (5th Cir.1983)). The underlying right to be protected here exceeds $200,000, per the de Villiers' state court petition. Meritage is a citizen of Arizona, and the de Villiers are citizens of Texas. Thus, the Court has diversity jurisdiction over this suit. *See* 28 U.S.C. § 1332(a).

## IV. STANDARD OF REVIEW

Summary judgment is appropriate where the filings and the record show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am.*

*Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying where the record "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003). Because there are no material factual disputes in this matter, it is appropriate for summary judgment.

## V. ANALYSIS & DISCUSSION

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, permits the Court to declare the rights and legal relations between parties when an "actual controversy" exists. An actual controversy exists where "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000). Here, a substantial controversy exists, and awaits only this Court's determination as to whether the arbitration terms are valid and enforceable.

The parties agree that Meritage and the de Villiers' purchase agreement states that any determination of arbitrability will be made by a federal court

in Texas. They likewise agree that Texas law governs all disputes. The background rule in Texas is that arbitration agreements are presumed valid unless shown otherwise. "[U]nder Texas law, as with any other contract, agreements to arbitrate are valid unless grounds exist at law or in equity for revocation of the agreement." *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008). Thus, the arbitration agreement and its terms are valid and enforceable unless law or equity provides for revocation.

The defendants argue that substantive and procedural unconscionability supply the grounds for revocation.[1] Procedural unconscionability "refers to the circumstances surrounding the adoption of the arbitration provision," while substantive unconscionability "refers to the fairness of the arbitration provision itself." *In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002). Courts do not conclude that a contract is unconscionable lightly; "'proving unconscionability' presents a 'high threshold' per a 'strong policy favoring the freedom of contract.'" *Pizza Inn, Inc. v. Clairday*, 979 F.3d 1064, 1067–68 (5th Cir. 2020) (quoting *Besteman v. Pitcock*, 272 S.W.3d 777, 787 (Tex. App.— Texarkana 2008, no pet.)); "[I]n general, a contract will be found unconscionable if it is grossly one-sided." *Poly-Am.*, 262 S.W.3d at 348 (Tex. 2008). "[T]he crucial inquiry is whether the arbitral forum in a particular case

---

[1] Despite this general allegation, the Court does not identify a particular argument of procedural unconscionability in the de Villiers' arguments. They focus instead on substantive unconscionability.

is an adequate and accessible substitute to litigation." *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 894 (Tex. 2010). The burden of proving unconscionability lies with the party seeking to avoid the agreement—in this case, the de Villiers. *Id.*

Meritage seeks a declaratory judgment that the following terms are valid and enforceable: 1) two-day limits for each party's case-in-chief; 2) discovery limitations; 3) a stenographic record of the final hearing; 4) JAMS Optional Arbitration Appeal Procedure if the final award exceeds $100,000; and 5) cost-sharing provisions. The de Villiers do not address the second or third terms in their brief. Because it is their burden to show unconscionability, and agreements to arbitrate are presumed valid and enforceable unless shown otherwise, Meritage is entitled to declaratory relief regarding these terms.[2] The Court analyzes the three remaining terms.

The de Villiers first object to the two-day limitation for presenting direct evidence and cross examination. They argue that this unfairly limits their ability to make their case because they wish to present their own testimony along with that of three to five experts. They insist that the two-day limitation is unconscionable because "neither the de Villiers, nor any rational consumer

---

[2] In any event, "limited discovery is one of arbitration's 'most distinctive features.'" *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 695 (Tex. 2008) (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 599 (Tex. 2008)).

in the context of a home purchase, would contract away the opportunity to effectively present evidence."

The problem is that the de Villiers did contract for a two-day limitation, not once but twice; first by signing the initial home purchase agreement, then again in subsequent negotiations. Speedy resolution is one of the hallmarks of arbitration, and limited testimony is a necessary component. Additionally, the arbitration terms vest the arbitrator with power to modify the time limit "for good cause shown." The de Villiers agreed to submit themselves to this arbitrator; indeed, it was their own counsel who suggested the arbitrator. Accordingly, they must trust his ability to decide whether to grant additional time beyond what they specifically contracted for. The defendants have not shown that this term is unconscionable.

The defendants also object to sharing the costs for any appeal. When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 892 (Tex. 2010). The Texas Supreme Court requires "*some* evidence that a complaining party will likely incur arbitration costs in such an amount as to deter enforcement of statutory rights in the arbitral forum." *Id.* "This includes presenting evidence comparing the costs of litigation

and of arbitration." *Holt Texas, Ltd. v. Rubio*, No. 13-19-00206-CV, 2020 WL 1181253, at *5 (Tex. App. Mar. 12, 2020). The defendants do not compare the costs of litigation and arbitration. The only evidence they cite is the range of JAMS arbitrators' hourly rates. This is insufficient. The defendants have not shown that this term is unconscionable.

Finally, the defendants complain that the $100,000 threshold for the appeals process is one-sided because it "insulates any award that does not favor the [d]e Villiers from review as long as the arbitrator has the presence of mind to make sure that damages awarded do not exceed $99,99[9].99." First, an award of $99,999 to the de Villiers would similarly be insulated from review; it is, after all, the de Villiers who ultimately seek recovery from Meritage. Thus, the threshold goes both ways, as it were. Second, the defendants' insinuation that the arbitrator would connive to manipulate the award to benefit Meritage is both unfounded and unbecoming. The defendants have not shown that this term is unconscionable.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, The plaintiff's motion for summary judgment is **GRANTED**. It is therefore, **ORDERED, ADJUDGED, AND DECREED**, that Meritage is entitled to declaratory judgment that the purchase agreement's arbitration provisions are enforceable, including: (i) the

time limits for the parties' case-in-chief at the final hearing; (ii) the limits on discovery during the arbitration; (iii) a stenographic record of the final hearing as permitted by Rule 22(k) of the JAMS Comprehensive Arbitration Rules & Procedures; (iv) a party's right to invoke the JAMS Optional Arbitration Appeal Procedure if the final award is in excess of $100,000; and (v) the cost sharing requirements. Meritage may submit a separate motion arguing its entitlement to attorneys' fees.

    It is so ORDERED.

    SIGNED on June 3, 2024, at Houston, Texas.

                                                Kenneth M. Hoyt
                                                United States District Judge